IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JACKSON BRYANT BAUGUS, | ) | Cause No. CV 10-61-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF U.S. |
| BILLINGS POLICE | ) | MAGISTRATE JUDGE |
| DEPARTMENT; DET. | ) | |
| FINNEGAN; DET. HAWKINS; | ) | |
| DET. MORENI; DET. KEN | ) | |
| PAHARIC; JUDGE SUSAN P. | ) | |
| WATTERS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

On June 2, 2010, Plaintiff Jackson Baugus moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Baugus is a federal prisoner proceeding pro se.

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

is frivolous or without merit." <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987).

Baugus contends that he was deprived of due process when his red Cadillac El Dorado, seized in November 2002 by Billings police pursuant to a warrant, was retained in police custody for seven and a half years. He claims that the tires, injector pump, injectors, gas lines and gas tank, upholstery, and paint all "went bad" due to lack of care and use while the vehicle was held. He reclaimed the vehicle in May 2010 and now seeks damages for depreciation. Compl. (doc. 2) at 6, 8.

There may well be other reasons to dismiss some claims or defendants, such as judicial immunity, but the action as a whole is fundamentally flawed. Amendment cannot cure its defects. It should be dismissed with prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

Baugus alleges:

I called Blue Creek Towing to come tow my red [C]adillac from the Big 5 Motel to my home. Detective Finnegan, Hawkins, Moreni, and Paharic spotted my [C]adillac being towed to my home, and they stopped the wrecker driver and said to tow it

>to the Billings Police Department Impound Lot, because they were going to get a search warrant and search it for drugs. It was searched by [the detectives]. The search turned up nothing illegal. The [C]adillac should have been returned to me, or at the least, notified to me to come get the [C]adillac when nothing illegal was discovered not wait approximately seven and a half (7½) years then notify me to pay towing and take possession before it was auctioned off.

Compl. at 5.

The Due Process Clause of the Fourteenth Amendment provides that no one may be deprived of property without due process. U.S. Const. amend. XIV, § 1; see also Compl. at 5 ¶ D (alleging lack of "due process in which to reclaim my [C]adillac"). Baugus's claim might be construed as a challenge to the adequacy of Montana law to protect his rights, or it might be construed as a challenge to the property reclamation procedure as carried out in this case.

Montana law requires officers to give notice of what has been seized, Mont. Code Ann. § 46-5-227. State law also provides an opportunity to be heard. "A person claiming the right to possession of property seized as evidence may apply to the judge for its return." Mont. Code Ann. § 46-5-312(1) (1991). Because state law provides for both notice and an opportunity to be heard, it is adequate under federal law. Hudson v.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

Palmer, 468 U.S. 517, 533-34 (1984).

While Baugus asserts that the police department "did not 'ever' file any confiscation or forfeiture documents," Compl. at 5 ¶ D, forfeiture proceedings are available when authorities want to dispose of property, not when they retain it as evidence under a warrant. Mont. Code Ann. §§ 46-5-306 to -309 (1989). Nor are state authorities required to provide notice of remedies available to a person whose property is seized. City of West Covina v. Perkins, 525 U.S. 234, 241 (1999). State law provided Baugus an adequate post-deprivation remedy.

Nor was the process flawed in Baugus's case. He does not say when he received notice of the seizure of his Cadillac, but he had to have known of it when Defendant Paharik testified about the vehicle at Baugus's federal criminal trial on December 1, 2003. E.g., Trial Tr. (doc. 120) at 169:5-11; see also id. at 219:11-18 (Defendant Moreni identified picture of '97 red Cadillac in police impound lot). In fact, Baugus first sought return of the Cadillac on July 14, 2004. Compl. at 7. Even assuming, for the sake of argument, that the warrant authorizing the Cadillac's seizure was itself fatally flawed and his property was wrongfully seized, it is too late to

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

contest the lawfulness of a seizure of which Baugus has had notice for well over six years. In Montana, the statute of limitations on actions under 42 U.S.C. § 1983 is three years. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1) (1997).

It appears that Baugus attempted to use the state remedy and was unsuccessful. Compl. at 7. But the Due Process Clause does not guarantee him success, only notice and an opportunity to be heard. Further, the records of the Montana Supreme Court show that Baugus did not appeal any adverse determination(s) by the state court. Ultimately, it was his responsibility – not the Defendants' – to pursue his remedies through the established state procedures. He failed to do so.

The Complaint should be dismissed with prejudice as frivolous. There is no need to provide an opportunity to amend, Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc), because amendment would be futile. Leave to proceed in forma pauperis should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The motion to proceed in forma pauperis (doc. 1) should be

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

DENIED.

2.   The Complaint (doc. 2) should be DISMISSED WITH PREJUDICE as frivolous.

3.   The Clerk should be directed to enter judgment, by separate document, in favor of Defendants and against Plaintiff Baugus.

4. The docket should reflect that Baugus's filing of this action counts as a strike under 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.   Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this case without notice to him.

DATED this <u>6th</u> day of July, 2010.

                                          /s/ *Carolyn S. Ostby*
                                          Carolyn S. Ostby
                                          United States Magistrate Judge